UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| IGNACIO ARROYOS, | ) | 1:04-cv-06694-SMS |
| | ) | |
| Plaintiff, | ) | **ORDER DISCHARGING ORDER TO SHOW CAUSE** (Doc. 13) |
| v. | ) | |
| | ) | **INFORMATIONAL ORDER RE: SANCTIONS** |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| | ) | **ORDER DIRECTING PLAINTIFF TO FILE AN OPENING BRIEF BY SEPTEMBER 30, 2005** |
| Defendant. | ) | |

Plaintiff, represented by counsel, is proceeding in an action seeking judicial review of an administrative decision of the Commissioner of Social Security denying an application for disability benefits.

On August 9, 2005, the Court issued an order to plaintiff to show cause why the action should not be dismissed for failure to timely file an opening brief in compliance with the Court's scheduling order, filed December 14, 2004 (Doc. 5), whereby the opening brief was due filed and served by July 9, 2005. However, also on August 9, 2005, plaintiff filed a Stipulation for Extension of Time of Briefing Schedule (Doc. 12) requesting an

1

extension from August 5, 2005 to September 6, 2005.  Due to the Court's heavy caseload, it has not been able to address the late stipulation prior hereto:

    At the time the stipulation was filed, on August 9, 2005, the deadline of July 9, 2005, for filing an opening brief had already passed by thirty (30) days.  The parties apparently purported to be proceeding pursuant to paragraph 12 of the Court's scheduling order, which permits a single, thirty-day extension of any part of the scheduling order by stipulation of the parties without Court approval.  Seeking an extension of time after the passage of the deadline in question necessarily involves a situation in which a violation of the terms of the Court's scheduling order has already occurred.  Any attempt to obtain an extension of time after a deadline has already passed requires application to the Court for an order extending time accompanied by a showing of good cause for the delay.  Thus, the Court finds that the parties' attempt to stipulate to an extension on August 9, 2005, after the deadline of July 9, 2005, had already passed to be contrary to the terms and spirit of the scheduling order, and thus not to be in good faith.  Plaintiff's counsel's failure to respond to the order to show cause is consistent with such a finding.

    In the present case, significant resources of the Court were expended in issuing an order to show cause in an effort to obtain an explanation for plaintiff's failure to comply with the terms of the scheduling order in this case, and to obtain compliance in the future.  In the interest of the efficient expenditure of the Court's resources, the Court will discharge the order to show

cause despite failure to comply with the terms and spirit of the scheduling order.

The parties and counsel are INFORMED, however, that if such conduct is repeated, the Court will CONSIDER imposition of sanctions, including dismissal, pursuant to the inherent power of the Court or the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b), 11; Local Rule 11-110; <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 31, 42-43 (1991).

Further, the Court believes that plaintiff's calculation for the opening brief is off and is therefore mistaken by the due date of August 5, 2005. Even if the due date for the opening brief was August 5, 2005, the stipulation was still four (4) days late. Nevertheless, to date, plaintiff still has not filed an opening brief, unless plaintiff is waiting for the Court to respond to or address the late stipulation. Nonetheless, the Court notes that a significant amount of time has passed since the original due date of July 9, 2005, for filing the opening brief. In order to avoid further unnecessary delay, the Court will not grant any further extensions except upon a showing of good cause. The Court hereby gives plaintiff an opportunity to file an opening brief. However, if plaintiff again fails without excuse to timely file an opening brief, the Court will have no alternative but to impose sanctions and/or dismiss the case pursuant to Local Rule 11-110 for failure to comply with an order of the Court and failure to prosecute.

///
//
/

Accordingly, IT IS HEREBY ORDERED that:

1. The Order to Show Cause, filed August 9, 2005, is DISCHARGED; and,

2. Plaintiff is GRANTED an extension of time within which to file an opening brief, to and including September 30, 2005.

IT IS SO ORDERED.

**Dated:   September 20, 2005**            **/s/ Sandra M. Snyder**
icido3                                UNITED STATES MAGISTRATE JUDGE